UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE WILLIAMS,

        Plaintiff,                    CIVIL ACTION NO. 08-13821

        v.                              DISTRICT JUDGE AVERN COHN

BLAINE LAFLER *et al*.,            MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's Motion to Accept Amended Defects and/or Dismiss Without Prejudice if Defects Hinder U.S. Marshal Services to Defendants (D/E #8). For the reasons discussed below, plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's proposed amended complaint must be rejected because he attempts to add another plaintiff, but this Court will order service of the original complaint on defendants. Plaintiff's original complaint also identifies the Michigan State Police, MSP Detective Treitch, CO Angel and CO Shotwell as defendants. The Court will also order the clerk's office to add Treitch, Angel, and Shotwell to the docket, but not Michigan State Police because they are not a "person" subject to § 1983 liability. See, Will v. Mich. Dept. Of State Police, 491 U. S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

On September 5, 2008, plaintiff filed a complaint against defendants Blaine Lafler, McCullick, Olsen, Welton, Spurgis, Steve Rivard, Patricia Caruso, Leo Freidman, Mike Cox, Jennifer Granholm, the Michigan State Police, Treitch, Angel, Shotwell, James Armstrong,

-1-

Kenneth MacMachen, Lauren Hiertz, Richard Stapleton, Anthony McCloud, Christopher Chysler, Katherine Meni, Jerr-Ann Sheri, Art Derry, Boyton, and Mackie (D/E #1). However, the defendants listed on page two of the complaint; Michigan State Police, Treitch, Angel and Shotwell, were not docketed as defendants.

Plaintiff filed an application to proceed without prepayment of fees on the same day he filed his complaint (D/E #2). On September 10, 2008, United States Magistrate Judge R. Steven Whalen granted plaintiff's application to proceed without prepayment of fees (D/E #3). Judge Whalen also ordered plaintiff to correct a deficiency in his application and provide a sufficient number of copies of the complaint to serve (D/E #4). Plaintiff subsequently provided a sufficient number of copies but Judge Whalen did not then enter an order for service.

On October 9, 2008, plaintiff filed a motion to amend his complaint (D/E #5). On October 30, 2008, this Court granted plaintiff's motion to amend because none of the defendants had filed a pleading responsive to plaintiff's complaint and, therefore, plaintiff could amend his complaint once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A) (D/E #8). However, because plaintiff's motion did not have the proposed amended complaint attached in its complete form, this Court also ordered plaintiff to file his amended complaint in its complete form by November 17, 2008 (D/E #8).

On November 21, 2008, plaintiff filed the motion pending before the Court (D/E #8). In that motion, plaintiff requests that the Court accept his amended complaint adding another plaintiff. Plaintiff also requests that, if his proposed amended complaint contains any defects, that the Court dismiss it without prejudice and that the case proceed on the original complaint.

Given that plaintiff's proposed amended complaint does contain a defect, this Court orders that the proposed amended complaint be rejected and that the case proceed on the original complaint. Plaintiff's proposed amended complaint seeks to add another co-plaintiff, but plaintiff does not have standing to raise a claim on behalf of another inmate. Cf. Haskell v. Washington Township, 864 F.2d 1266, 1275-76 (6th Cir. 1988). See also Jourdan v. Lecureux, No. 91-1197, 1991 WL 158680, *1 (6th Cir. 1991). Moreover, plaintiff seeks to add a co-plaintiff without addressing his own *in forma pauperis* status. Under the provisions of the Prison Litigation Reform Act of 1995, if a prisoner wishes to proceed *in forma pauperis*, the prisoner must submit an affidavit of indigence and a certified copy of the prisoner's trust fund account statement for the preceding 6-months. 28 U.S.C. § 1915(a). If there is more than one plaintiff, each prisoner is proportionally liable for any fees and costs that may be assessed. In re Prison Litigation Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997). Here, plaintiff asks this court to grant his proposed co-plaintiff *in forma pauperis status* before the proposed co-plaintiff is part of the case and before the required supporting documents have been filed. In light of those defects, this Court denies plaintiff's request to file his proposed amended complaint.

Therefore, **IT IS ORDERED** that the clerk's office correct the docket to reflect that Treitch, Angel and Shotwell are defendants, but not the Michigan State Police.

**IT IS FURTHER ORDERED** that the clerk's office shall immediately process the complaint and issue the appropriate documents to the United States Marshal Service to effectuate service.

                                                s/Virginia M. Morgan  
                                                Virginia M. Morgan  
                                                United States Magistrate Judge

Dated: January 12, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order granting in part plaintiff's motion (D/E #8) was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 12, 2009.

                                        s/Jane Johnson
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan